UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN, <br> Plaintiff, <br> v. <br> DALE REINHOLTSEN, <br> Defendant. | Case No. 17-cv-03194-MEJ <br><br> **ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at Humboldt County Correctional Facility in Eureka, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff's application for leave to proceed *in forma pauperis* will be addressed in a separate order.

## ANALYSIS

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Discussion**

Plaintiff names Judge Dale Reinholtsen as a defendant. He alleges that, in May 2017, Judge Reinholtsen denied Plaintiff's renewed motion to suppress evidence by ignoring controlling case law, and creating and relying on fake facts. Dkt. No. 1 ("Compl.") at 3. He alleges that Judge Reinholtsen's denial of his motion to suppress violated his Fourteenth Amendment right to equal protection of the laws, violated his Fourteenth Amendment right to a complete defense, and deprived him of the protections afforded by the Fourth Amendment. *Id.* at 3.

A state judge is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Duvall v. Cty. Of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining whether a particular act is judicial include whether the events occurred in the judge's chambers, whether the controversy centered around a case then pending before the judge, and whether the events arose directly and immediately out of a confrontation with the judge in his or her official

capacity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1872)); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity). Here, the allegations against Judge Reinholtsen are regarding acts that he took in his judicial capacity. Therefore, the complaint is DISMISSED with prejudice.

Plaintiff has requested leave to amend the complaint to add the County of Eureka as a defendant. Dkt. No. 10 at 1. Leave to amend should be granted more liberally to *pro se* plaintiffs, *see Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003), unless the district court determines that the pleading could possibly be cured by the allegation of other facts, *see Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Here, Plaintiff's claim that Judge Reinholtsen made an erroneous ruling is barred by lack of jurisdiction, regardless of whom he names as a defendant. Under the *Rooker-Feldman* doctrine, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), or when federal constitutional issues are at stake, *see Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011). The doctrine applies when "the federal plaintiff ... complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the

litigants," *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003), which is the case here. *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) ("The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Moreover, to the extent that any related proceedings in state court are ongoing, *Younger* abstention is appropriate to the extent that plaintiff seeks relief from this federal court that would interfere with matters pending before the state courts. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Id.*

Accordingly, the Court will DENY Plaintiff leave to amend the complaint to add the County of Eureka as a defendant.

## CONCLUSION

For the reasons set forth below, this action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: July 5, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge